and our last case this morning is Jones v. Cummings Mr. Avery yes you may proceed there you are yes sir your honor we lost yeah we're ready for you whenever you're ready you may proceed thank you my name is James Avery and I represent the appellant mr. David Jones in this case mr. Jones was denied the ability to proceed with a claim of malicious prosecutorial misconduct following of course Seventh an unusual fact pattern that has not been either before this court or before the Supreme Court in the context of whether to grant absolute immunity to the prosecutors so mr. Avery I can't resist asking you right off the bat by what authority do you think this court can disregard Imbler against Pacman from the Supreme Court can disregard stump against Sparkman I mean where do we get the authority to say well the facts here are different and so we're going to limit absolute judicial or prosecutorial immunity in a way the Supreme Court's never done well your honor the Supreme Court because it's never faced a case precisely like this has not commented directly there there of course there's a lot of language there's language in Imbler that's very broad in scope I mean the court was trying at least as I read it the court was saying this like judicial immunity its cousin this is a long-standing and broad immunity for at a certain cost but that's a cost we think you know it's built into the existence of the doctrine and I just am not sure why you think we're free to say to the Supreme Court well we've decided not to follow this I'm not asking you not to follow it and I'm asking you your honor and I believe you have the authority to circumscribe the rule the rule of course was you know 60 years ago there's been many cases which have circumscribed the rule there's many cases that for example involve the pretrial conduct investigatory activities other things that are not considered within the advocacy role of the prosecutor I think this is another case which really involves pretrial conduct that is not the advocacy role the prosecutor this this case if you circumscribe the rule follows more closely to the pattern of cases where the the prosecutors are not engaged in what would be considered the trial process why isn't filing charges the most core function of a prosecutor there is they weren't out there scouring the streets to find who who did it you know so to speak they're making a decision which is in our system completely up to the prosecutor prosecutorial discretion is very important what charges to file now the fact that this prosecutor and actually the deputies may have made a mistake about when you could file an interstate law says nothing about immunity your honor if I beg to correct you the the case involves a malicious decision to add charges that added decades to his sentence and he in fact served more than ten years as a result of this malicious conduct so you would recognize you would recognize immunity only where there's some good-faith reason to believe that the charges are going to hold in a malicious very limited version in a malicious prosecution case I do believe them the immunity should only be I believe that the fact that this conduct was flagrantly illegal and remember this court this court allowed mr. Jones to be freed assistance of counsel not on the basis of what any of the prosecutors did or the judge or two sides of the same coin the prosecutors were the ones that brought the charges the public defenders had of course been malfeasance but but their negligence is pale in comparison to the the malicious conduct of the prosecutors who said that mr. Jones is not worthy he's someone who's not worthy of due process of the courts this this really is offensive and it should be offensive to the court it should be a situation and I believe the rule should be and of course and I believe the reform and the circumscription of the Supreme Court rules must happen in the circuit courts because the district courts have no choice but to follow the precedent the circuit courts circumscribing this rule can and has every authority and every right and should adopt a rule that when are acting outside of the scope of their their function as a quasi judicial officer and should be immune to and should not be immune to to civil liability for that civil liability is the only effective deterrent to prosecutorial misconduct there's many journal articles many if I could interject that that's an argument against the absolute nature of absolute immunity and you'll have to address it to the Supreme Court we don't have the authority to get around that well it was not prosecutorial conduct then we have cases that's from this claim to go forward in other words if the prosecutors were engaged in investigative conduct but as Judge Wood pointed out this is quintessentially prosecutorial conduct and that means there's absolute immunity and your argument against the absolute nature of absolute immunity has to be addressed to the Supreme Court not this court well Chief Judge I think you would agree with me that if this was an investigative yes but that's not your claim is not that this is investigative conduct your claim is that there should not be absolute immunity because this was really really egregious absolute immunity works absolute immunity is absolute it covers really egregious conduct if it's performed by a prosecutor in the exercise of a prosecutorial function and the charging decisions even if they're erroneous and egregiously so are quintessentially prosecutorial that's the end of your case Chief Judge I recognize that the precedent that you're facing is is overwhelmingly leading you in that to circumscribe the rule I believe that this is pretrial conduct this is not an advocacy function in front of a judge is not an advocacy function in front of a jury so mr. not talking about yes can I just interject I mean I really we understand what you're saying but the law is pretty well established you would be on more solid ground if you were simply saying I know this is a step beyond I'm trying to preserve this argument for Supreme Court consideration so that nobody will say I waived it and we can certainly confirm that you've preserved it but we are not the ones who can change it judge what I appreciate your sentiment there and I and I'm not I I just don't agree that you don't have the authority there's a double negative there but I believe that this court does have the authority to circumscribe the rule and say that with regard to this pretrial conduct it is not a function of advocacy what happened is outside the scope of their role as prosecutors when they pursued illegal charges against this citizen that this citizen was maliciously deprived of his rights and therefore qualified immunity is the appropriate standard not absolute all right thank you mr. craft good morning your honors may it please the court my name is Aaron crafts and I represent the prosecutors this case is easily resolved by several basic section 1983 principles first the official capacity claim fails because section 1983 cannot be used to expose the state itself to liability second the individual capacity claims fail because absolute immunity attaches to a prosecutor's actions in filing charges or amending charges and third even if mr. Jones could overcome those hurdles section 1983 cannot be used to enforce state law now I'd like to begin with the official capacity claim Indiana prosecutors are arms of the state not county officials for two reasons first and most importantly a suit against a prosecutor exposes the state itself to liability because under Indiana law the state has a broad obligation to defend and indemnify prosecutors for their official acts second Indiana law has long classified prosecutors as state officials who exercise the sovereign's power in prosecuting crimes committed against the state of Indiana now in these general respects prosecutors are virtually identically situated to Indiana's trial judges in this court held nearly 30 years ago in Woods versus Michigan City the Indiana trial judges are arms of the state not county officials it logically follows that so to our prosecutors and indeed the district courts in Indiana have long recognized that prosecutors are arms of the state and therefore not amenable to suits for damages in their official capacities under section 1983 now Jones's only argument in response is that he wants discovery to determine if the but that argument is misguided for two reasons first Indiana law forbids the state from acquiring insurance second even if it didn't we know from University of California versus Doe that a state's ability to seek indemnification from a third party does not undermine its its sovereign immunity or the arm of the state analysis for these reasons Jones cannot sue prosecutor Cummings in his capacity for damages now with respect to the individual capacity claims the act of filing charges or filing a motion to amend the charges is clearly a core prosecutorial function the Supreme Court in Kalina versus Fletcher said as much so the prosecutors here are entitled to absolute immunity for the filing of the confinement charge against Jones moreover we know from the Vandercamp decision that prosecutorial immunity attaches even to administrative acts that directly bear on prosecutorial functions so even if mr. Jones had tried to assert an individual capacity claim against prosecutor Cummings for adopting a policy on charging that claim to would be barred by prosecutorial immunity and as the court I think observes this court has to follow Imler and Kalina and and all the Supreme Court's precedents in this area now lastly even if Jones could overcome what I think are these two insurmountable hurdles his claims would still fail because section 1983 cannot be used to enforce state law or to recover damages for a violation of state law Jones does not come anywhere close to articulating an actual due process violation alleges only that the importantly although the confinement charge may have been filed nine days after the omnibus date and therefore been untimely under state law that charge was filed almost a year before trial so Jones had ample time to prepare his defense so that there's no due process violation for the timing of the charge moreover Jones has never alleged that the charge was unsupported by Manuel versus City of Joliet theory either the upshot to all of this is that Jones's claims are barred by several basic principles of section 1983 law and unless there are any questions the prosecutors respectfully ask that this court affirm the district courts judgment thank you thank you mr. Avery you had a little bit of time left if you have anything further to say thank you I'm trying to start my video one second probably technical issue here is it is it running it's not but we can hear you okay your honor I don't want to be deemed to have waived mr. Jones's argument against the in the official capacity claim against the defendant certainly again our argument is that the the malicious illegal conduct outside the scope of the prosecutors legitimate function should not be subject to the blanket approach of call of absolute immunity that the district court applied in this case again the Supreme Court has considering a functional approach if someone is engaged in illegal conduct as they were in this case it should not be considered to be within their function as an advocate to the court prosecutors are not judges it's been recognized since the common law that they're a quasi judicial and they're no different position than for example a public defender or other attorneys practicing before the courts they do not deserve a greater immunity they do not deserve a blanket absolute immunity that has to do with anything within their role they deserve a qualified immunity for innocent mistakes and non-malicious and non-illegal conduct all right mr. Avery your time has now expired thank you chief justice I thank you both counsel the case is taken under advisement and that concludes our calendar for today the court will be in recess